UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00578-LLK

KIMBERLY LEE DAVISON                                                                                    PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. Plaintiff's fact/law summary is at Docket # 18, and Defendant's amended fact/law summary is at Docket # 22. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 14.) The matter is ripe for determination.

Plaintiff argues that: 1) The Administrative Law Judge's ("ALJ's") evaluation of her treating physician's medical opinions does not accord with applicable legal standards; and 2) The ALJ's residual functional capacity (RFC) finding is inconsistent on its face. Because neither argument is persuasive and the ALJ's decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**First argument**

The ALJ found that Plaintiff is not disabled because, notwithstanding her cervical and lumbar degenerative disc disease and obesity, she retains the ability to perform a significant number of sedentary jobs in the national economy. (Administrative Record ("AR") at 17, 20, 24.)

Plaintiff argues that the ALJ erred in evaluating three opinions given by her treating physician, Sarita Nair: 1) A treatment note dated March 30, 2015, which states that "I have advised the patient to change position at work, elevate leg with a foot stool, and do not lift anything heavy which she usually

1

does not at work" (AR, at 396); 2) Completion of a government form on March 21, 2016 on Plaintiff's behalf to obtain a disability-related parking pass/placard (AR at 459); and 3) Completion of a government form in September/October of 2016 to obtain medical work leave under the Family and Medical Leave Act (FMLA) (AR at 537-38).

Regarding the March 2015 note, the ALJ accepted that Plaintiff cannot engage in heavy lifting but declined to accept (as permanent or semi-permanent job restriction) Dr. Nair's advice that she must elevate her leg. According to the ALJ, the advice was "due to her reports of swelling in her left ankle [and] it does not appear that her swelling or edema persisted." (AR at 21-22.) The ALJ's evaluation of Dr. Nair's opinion was supported by substantial evidence for three reasons. First, the ALJ's finding of no persistent edema was supported by the evidence. Even the day he gave the advice, Dr. Nair noted that physical exam of Plaintiff's extremities revealed "no edema … left ankle, there is no swelling." (AR at 396; see also lack of evidence of edema in subsequent notes at AR, pp. 403, 404, 465, 489, 493, 607, 710.) Second, there is no indication that Dr. Nair intended his one-time advice as a work restriction satisfying the 12-month duration requirement. See 42 U.S.C. § 423(d)(1)(A) (To be disabling, an impairment must have "lasted or can be expected to last for a continuous period of not less than 12 months."); *compare* the facts of this case to those in *Hargis v. Comm'r of Soc. Sec.*, No. 1:16CV1071, 2017 WL 3116675, at *3 (N.D. Ohio July 21, 2017) ("[T]here was only one instance in which a treating source recommended that Plaintiff elevate his legs, and that there was no indication that this was a permanent functional limitation."). Third, even if Dr. Nair advice is interpreted as assignment of a permanent job restriction, he provided insufficient details to conclude that the ALJ did not adequately take it into account. *See Emmons v. Comm'r*, No. 2:12-15235, 2013 WL 8178662, at *10 (E.D. Mich. Nov. 18, 2013) (The advice to elevate was "too vague for the Court to grant Emmons the relief he seeks. Dr. Ranger did not say how often or how long Emmons needed to elevate his legs, to what height, or what functional limitations Emmons would have if he did not elevate his legs.").

Regarding the March 2016 parking-pass form, Dr. Nair indicated that Plaintiff satisfies the requirement that her "disabilities limit or impair the ability to walk 200 feet." (AR at 459.) Dr. Nair circled that that this was due to her "orthopedic condition." (Id.) The ALJ gave "little weight" to Dr. Nair's endorsement because there is no "underlying support for the suggestion that the claimant cannot walk sufficiently and would need this placard." (AR at 23.) Even if Plaintiff's orthopedic condition justified a parking pass, that does not prove that she is incapable of standing/walking sufficiently to perform sedentary work.

Regarding the September/October 2016 FMLA form, Dr. Nair stated that Plaintiff: 1) Should "avoid heavy lifting"; 2) Will need time off work due to a medical condition for a period of time to "be decided by spine surgeon"; and 3) "[O]ver the next 6 months," she "may" experience flare-ups that necessitate absences from work at the rate of 1-2 episodes, every 1-2 months, lasting 2-3 days. (AR at 538.) While the ALJ did not explicitly address the FMLA form in her written decision, any error was, at worst, harmless. Sedentary work does not require heavy lifting. It is unknown how long, if any, the spine surgeon decided Plaintiff needed to be off work. The "over the next 6 months" and "may" qualifiers on the rate of flare-ups necessitating work absences take Dr. Nair's opinion outside the 12-month duration requirement. *See* 42 U.S.C. § 423(d)(1)(A) (To be disabling, an impairment must have "lasted or can be expected to last for a continuous period of not less than 12 months.").

**Second argument**

The ALJ found that Plaintiff has, among other things, the residual functional capacity (RFC) to perform sedentary work "as defined in 20 CFR 404.1567(a)," including sitting for a total of up to 6 hours and standing for a total of 2 hours in an 8-hour workday. (AR at 20.) Additionally, Plaintiff "must be allowed to use a cane when ambulating." (Id.)

At the administrative hearing, counsel cross-examined the vocational expert (VE). The VE testified that the identified sedentary jobs would not be impacted if the cane is needed for walking but would be

3

impacted if the cane is also needed for standing / balancing. (AR at 63.) The VE explained that the individual would "have to work while [he] was standing … a couple of hours a day and so [he would] be a one-handed worker to perform work tasks and that would not work in those jobs." (AR at 74-65.)

Plaintiff's final argument is that the ALJ's RFC finding is inconsistent on its face because 20 C.F.R. § 404.1567(a) defines sedentary work as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools," yet the ALJ found that she "must be allowed to use a cane when ambulating." (AR at 20.) According to Plaintiff, the ALJ "failed to explain how [she] can carry 10 pounds if she requires a cane to ambulate." (Docket # 18 at 22-23.)

There was nothing to explain because the ALJ did not find that Plaintiff can <u>carry</u> 10 pounds despite needing a cane to ambulate. In light of the VE's explanation, the ALJ implicitly found that Plaintiff can <u>lift</u> 10 pounds (and articles like docket files, ledgers, and small tools) while standing because she does not need a cane for standing/balancing.[1]

---

[1] Plaintiff's reliance on *Love v. Comm'r*, 605 F.Supp.2d 893 (W.D. Mich. 2009) (Docket # 18 at 22) is unpersuasive because *Love* is distinguishable. The ALJ in *Love* determined that Love "can lift **and** *(emphasis added)* carry up to 20 pounds occasionally and 10 pounds frequently" and that Love "requires a hand-held device to ambulate." *Id.* at 907. The District Court "discern[ed] a fundamental illogic to this determination [and] fail[ed] to comprehend how Plaintiff can carry 20 pounds if he requires a hand-held assistive device to ambulate." *Id.* For the reasons indicated above, there is no such fundamental illogic in this case.

In any event, the VE's testimony concerning the impact of Plaintiff's need for a cane on her abilities to walk, stand, balance, lift, and carry resolved any ambiguity and comported with the requirements of Social Security Ruling (SSR) 96-9p, 1996 WL 374185, at *7:

> [I]f a medically required hand-held assistive device is needed only for prolonged ambulation …, the unskilled sedentary occupational base will not ordinarily be significantly eroded. … [A]n individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand. … On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded. In these situations, too, it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work.

*Id.*

**Order**

Because the ALJ's decision is supported by substantial evidence and is in accord with applicable legal standards, it is hereby ORDERED that the Commissioner's final decision is AFFIRMED and that Plaintiff's complaint is DISMISSED.

May 3, 2019

Lanny King, Magistrate Judge
United States District Court